## LEWIS v. BRADFORD.

1. Where one has the money of another in his hands, and uses it, he cannot avoid the payment of interest, by answering that he does not know what profit was made by its use. In such a case, he is at least liable for interest whilst it was so employed.

Error to the Chancery Court of Talladega.

THE bill was filed by the plaintiff in error, to sell land jointly owned by the parties, and for an account of profits in a previous transaction, as partners. The only question made in this Court, arises out of a claim for the profits, or use of a sum of money belonging to the partnership, which it is alledged the defendant in error retained in his hands, and used for several years. The allegation is, "that not long after the purchase of said land, defendant sold one of the tracts for $1,200, and received the money —that defendant refused to account to complainant for his proportion of said money, for several years, and during all that time

he had the same hired out at interest, or otherwise profitably invested."

The prayer of the bill is for a sale of the remaining tracts, and for an account of the moneys received, and of the profits upon the use of the money retained.

The defendant in his answer upon this part of the case, admits the receipt of the money as alledged, in the latter part of 1837— " that he cannot positively say what interest or profit accrued on said money, as he kept no account of the same, considering the same to be deposited with him, subject to be drawn from him when called for." It is also stated, that a suit was depending against him for the land, of which this money was the proceeds, and which he paid over as soon as the suit was determined.

The Chancellor in his decree, refused to require the defendant to account for the profits, considering his answer to amount to a substantial denial that any profits were made, and there being no proof that such was the fact.

From this decree this writ of error is prosecuted.

L. E. PARSONS, for plaintiff in error, contended that the matter was within the knowledge of the defendant, and his omission to deny it, was an admission of the fact. [2 Bibb, 67 ; 3 Monroe, 187 ; 3 Litt. 57 ; 1 J. J. M. 212 ; 4 Id. 87.]

The parties did not go to trial on bill and answer by consent, and therefore the answer is not proof. [5 Ala. Rep. 60 ; 5 Id. 324.]

A partner, using the partnership funds for his own private purposes, must account, either for the profits made, or at least pay interest. [1 John. C. 466; 1 P. Will. 140; 15 Vesey 218; 5 Id. 539 ; 17 Id. 298 ; 7 Cow. 11.]

W. P. CHILTON, contra.

ORMOND, J.—The single question presented upon the record is, whether the defendant is liable for interest for the partnership funds whilst he retained them in his hands. The allegation is, that the defendant retained the money in his hands for several years, during which it was put out at interest, or otherwise profitably invested. This is impliedly admitted in the answer of the defendant, who does not deny that the money was employed by

him, but says, "that he cannot positively say what interest, or profit accrued on said money, as he kept no account of the same, considering the same to be deposited with him, subject to be drawn from him when called for." He also insists, that the title to the land, the proceeds of the sale of which was in his hands, was in dispute, and that he retained the money to answer that demand, if the suit should be decided against the firm.

In the case of T. & J. Kirkman v. Vanlier, 7 Ala. Rep. 230, the question of the liability of one for interest, retaining in his hands the money of another, is discussed at length, and many authorities cited ; we shall not therefore enter upon the examination of the question further, than to state the general proposition, that where one receives interest from the money of another, or derives an advantage from its use, he shall pay interest to the owner. It is probable, that under the circumstances of this case, and from the trust and confidence reposed by each of the parties in the other, the complainant would have had a right to the profits made by an investment of his money, but as it does not appear what the profits were, he has at least a clear right to interest, whilst it was in the defendant's hands, if used by him, which, as already stated, the answer by strong implication, if not in direct terms, admits.

If, as stated by the Chancellor, the defendant had the right to retain the money, pending the litigation about the title to the land, to exonerate him from the payment of interest, it was his duty to show, that he kept the money on hand, ready to meet the exigency, and that he did not use or employ it, or place it out at interest. But so far is this from being the case, that he admits he did use it, but that he cannot say what profit he made on it, as he kept no account of it. It being therefore clear that he did use the money of complainant, and he declining to state the profit which was actually made by its employment, he must account with the plaintiff for interest, during the time it was in his hands.

The decree of the Chancellor as it regards this matter is therefore reversed, and the cause remanded for an account, in conformity with the principles here laid down.